UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:26-MJ-50 |
| | ) | |
| v. | ) | |
| | ) | (M.J. SCHWAB) |
| JESSE WHITE, | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION FOR DETENTION

AND NOW comes the United States of America, by its undersigned counsel and, pursuant to Title 18 U.S.C., Section 3142, hereby requests detention of the above-named defendant, and sets forth in support thereof:

__X__ 1.     That the government is entitled to a detention hearing based upon the following:

_____ a.     Defendant is charged with a crime of violence as defined in Title 18 U.S.C. Section 3156 or an offense listed in Title 18 U.S.C. 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed See 18 U.S.C. Section 3142(f)(1)(A); or

_____ b.     Defendant is charged with an offense for which the

maximum sentence is life imprisonment or death <u>See</u> 18 U.S.C. Section 3142(f)(1)(B);

_____ c.    Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C. Section 801 et seq.), or Section 1 of the Act of September 15, 1980 (Title 21, U.S.C., Section 955a); <u>See</u> 18 U.S.C. Section 3142(f)(1)(C) or

_____ d.    Defendant is presently charged with a felony and has been convicted of two or more offenses described in subparagraph a-c above, or two or more state or local offenses that would have been offenses described in subparagraphs a-c above if a circumstance giving rise to federal jurisdiction had existed or a combination of such offenses; <u>See</u> 18 U.S.C. Section 3142(f)(1)(D);or

__X__ e.    Defendant is charged with a felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device, or involves a failure to

2

register under section 2250 of Title 18, United States Code. See 18 U.S.C. Section 3142(f)(1)(E).

_____ f.    That a serious risk exists that defendant will flee; See 18 U.S.C. Section 3142(f)(2)(A) or

_____ g.    That a serious risk exists that defendant will obstruct or attempt to obstruct justice or threaten injure or intimidate or attempt to threaten injure or intimidate, a prospective witness or juror.   See 18 U.S.C. Section 3142(f)(2)(B).

____ 2.    That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community, in that:

____ a.    That defendant has been convicted of a federal offense described in subsection 1(a)-(d) above, or of a state or local offense that would have been an offense described in subsection 1(a)-(d) above if a circumstance giving rise to federal jurisdiction had existed;

____ b.    That the offenses described in paragraphs 1(a)-(d)

above were committed while defendant was on release pending trial for a federal, state or local offense; and

    c.    A period of not more than five years has elapsed since the date of defendant's conviction or release from imprisonment   for the offenses described in paragraph 1(a)-(d) whichever is later. <u>See</u> 18 U.S.C. Section 3142(e).

X  3.    That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that:

    a.    Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (Title 21, U.S.C., Section 951 <u>et. seq.</u>), Section 1 of the Act of September 15, 1980 (Title 21, U.S.C., Section 955a) or

    b.    Defendant committed an offense under Title 18, U.S.C., Section 924(c), that is, defendant did during

and in relation to any crime of violence or drug trafficking crime use or carry a firearm; or

  X   c.   Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed or an offense involving a minor victim under Title 18, U.S.C., Sections 1201, 1591, 2241-42, 2244-45, 2251-52, 2252A(a)(1)-(4), 2260, 2421-23 or 2425. See 18 U.S.C. Section 3142(e).

  X   4.   The Government further submits that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:

  X   a.   Defendant is a danger to any other person or the community, and/or;

  X   b.   Defendant is a flight risk.

     5.   The defendant is currently in custody on other matters. The United States requests the entry of a detention order at this time without prejudice to a full detention hearing in

the event that the defendant's custodial status changes.

_____ 6.    The United States requests a continuance of three days in which to prepare for a hearing on this motion.

### ADDITIONAL FACTS BEARING UPON DETENTION

This investigation was initiated based upon Cybertip Reports from the National Center for Missing and Exploited Children, based upon information supplied by Google, LLC.  The Cybertips involved two digital images that were created in 2019 and 2021, which depict one of the defendant's children.  The 2019 picture depicted the defendant's son naked in a shower while holding his penis, which was taken when the boy was approximately five years old.  The 2021 picture depicted the same boy with his buttocks pressed against a glass window.

On July 21, 2026, the FBI executed a search warrant at the defendant's residence and seized a number of electronics, including computers and hard drives.  A preliminary review of these devices confirmed that they contained a significant quantity of still images and videos meeting the federal definition of child pornography, and which depicted children between the approximate ages of seven and 15 years old.  During a post-*Miranda* interview, the defendant admitted he had

used applications such as Telegram, Qbittorrent (a peer-to-peer filing-sharing application commonly referred to as BitTorrent), and had accessed the "dark" web in order to access child pornography.  The defendant further confirmed that the photographs in the Cybertip Reports were of his son, and he acknowledged that the electronic devices the FBI seized will contain additional images of child pornography.  The FBI's review of those devices is not yet complete.

Respectfully submitted,

BRIAN D. MILLER
United States Attorney


Dated: July 21, 2026                    BY:    Christian T. Haugsby
                                               Christian T. Haugsby
                                               Assistant U.S. Attorney
                                               Middle District of Pennsylvania
                                               PA 205383
                                               1501 North 6th Street, Box 202
                                               Harrisburg, PA 17102
                                               christian.haugsby@usdoj.gov